*734 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, John P. Deokaran, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime for purposes of Supreme Court Rule XIX, § 19.[1] For his misconduct, respondent proposed that he be permanently disbarred from the practice of law. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
From May 1984 until September 1999, respondent was employed by Allstate Insurance Company as a “frontline performance expert.” In this capacity, respondent was authorized to issue checks on Allstate’s behalf in settlement of claims made against homeowner’s insurance policies held by Allstate’s policyholders. Between September 1996 and August 1999, respondent issued 40 settlement checks totaling $564,862.29 to C.S., Inc., C.S. Plumbing & Repair, Inc., or C.S. Pipe & Drain, Inc., each of which were fictitious companies that respondent fabricated in order to defraud Allstate. Moreover, the address to which the settlement checks were sent corresponded to a post office box rented by respondent.
|2On November 8, 2001, a Tangipahoa Parish grand jury returned an indictment charging respondent with eight counts of money laundering, each a felony, in violation of La. R.S. 14:230(B)(5).[2] On August 20, 2002, respondent pleaded guilty to one count of money laundering and was sentenced to serve five years in prison, suspended, and placed on five years probation with the special condition that he make full restitution of $434,862.29.[3]
*735 DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the institution of formal charges, respondent filed a petition for consent discipline, admitting he was convicted of a serious crime pursuant to Supreme Court Rule XIX, § 19. Furthermore, petitioner admitted his conduct violated Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Louisiana Rules of Professional Conduct. For his misconduct, respondent proposed that he be permanently disbarred. The ODC concurred in respondent’s petition.
| ^Disciplinary Board Recommendation
The disciplinary board found that respondent knowingly and intentionally violated duties owed to the public, the legal system, and the profession. Respondent’s actions caused serious injury to Allstate and adversely affected the public’s perception of the legal profession, resulting in actual injury to the profession. The board concluded the baseline sanction for this misconduct is disbarment.
Based upon its review of the record, the board determined the following aggravating factors are present: dishonest or selfish motive, pattern of misconduct, and multiple offenses. The mitigating factors present include absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the disciplinary proceedings, inexperience in the practice of law, and imposition of other penalties or sanctions. The board noted that respondent’s conduct meets Guideline 6[4] of the permanent disbarment guidelines set forth in Appendix E to the Rules of Lawyer Disciplinary Enforcement, and concluded that permanent disbarment is warranted for the multiple instances of insurance fraud engaged in by respondent. Accordingly, the board recommended the petition for consent discipline be accepted.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The parties submit respondent’s conduct in this case warrants permanent disbarment. The guidelines for permanent disbarment are set forth in Appendix E to Supreme Court Rule XIX. As the preamble to this appendix explains, the guidelines were not intended to bind this court in its decisionmaking, but to provide “useful information to the public and to lawyers concerning the types of conduct the Court might consider to be worthy of permanent disbarment.”
*736 Guideline 6 of Appendix E provides that permanent disbarment may be warranted when an attorney engages in insurance fraud. That guideline is unquestionably applicable here, as respondent has admitted he knowingly and intentionally engaged in fraudulent and deceitful conduct that deprived his former employer, Allstate Insurance Company, of more than $500,000.
Accordingly, we will accept the petition for consent discipline. Pursuant to that petition, we will permanently disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the petition for consent discipline, the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of John P. Deokaran, Louisiana Bar Roll number 26261, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the |Rpractice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In re: Deokaran, 02-2257 (La.9/18/02), 829 So.2d 1009.

. The crime of money laundering is defined in pertinent part as follows:
(B) It is unlawful for any person knowingly to do any of the following:
(5) Acquire or maintain an interest in, receive, conceal, possess, transfer, or transport the proceeds of criminal activity.

.Respondent turned over to Allstate the sum of $130,000 at the time he entered his guilty plea, leaving a total balance of restitution of $434,862.29.

. Guideline 6 provides that "Insurance fraud, including but not limited to staged accidents or widespread runner-based solicitation,” is a ground for permanent disbarment.